JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Cheryl Danilowicz

### DEFENDANTS
The Tri-M Group, LLC 401(k) Savings and Investment Group and The Tri-M Group, LLC

**(b)** County of Residence of First Listed Plaintiff: **Chester County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester County, PA**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Donald R. Reavey, Esquire     (717) 233-4101
Capozzi Adler, P.C.
2933 North Front Street, Harrisburg, PA 17110

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|                                        | PTF | DEF |                                                              | PTF | DEF |
|----------------------------------------|-----|-----|--------------------------------------------------------------|-----|-----|
| Citizen of This State                  | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [X] 4 |
| Citizen of Another State               | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation                                              | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | **PERSONAL INJURY** | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | [ ] 365 Personal Injury - Product Liability | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | **PERSONAL PROPERTY** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 370 Other Fraud | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 371 Truth in Lending | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 196 Franchise | | [ ] 380 Other Personal Property Damage | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| | | [ ] 385 Property Damage Product Liability | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | **LABOR** | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 710 Fair Labor Standards Act | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 720 Labor/Management Relations | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | [ ] 740 Railway Labor Act | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | [ ] 751 Family and Medical Leave Act | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | [X] 791 Employee Retirement Income Security Act | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **FEDERAL TAX SUITS** | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | [ ] 550 Civil Rights | [ ] 871 IRS—Third Party 26 USC 7609 | |
| | | [ ] 555 Prison Condition | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION** | |
| | | | [ ] 462 Naturalization Application | |
| | | | [ ] 465 Other Immigration Actions | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
29 U.S.C. § 1024(b)(4) and Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B)
Brief description of cause:
Failure to comply with written request for documents from Plan Administrator

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 05/11/2018

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #  ___  AMOUNT  ___  APPLYING IFP  ___  JUDGE  ___  MAG. JUDGE  ___

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHERYL DANILOWICZ | : |
| Plaintiff, | : |
| vs. | : |
| | : Civil Action at Law and Equity |
| THE TRI-M GROUP, LLC 401(k) | : No: |
| SAVINGS AND INVESTMENT PLAN | : |
| and | : |
| THE TRI-M GROUP, LLC | : |
| Defendants. | : |

## COMPLAINT

AND NOW COMES, Plaintiff, CHERYL DANILOWICZ, by and through her Counsel and for her Complaint at Law and Equity against the above named Defendants states as follows:

## PRELIMINARY STATEMENT

Section 104(b)(4) of the Employee Retirement Income Security Act ("ERISA") provides that the plan administrator must, "upon written request of any participant or beneficiary, furnish a copy of . . . instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). Further, ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), as supplemented by current Federal Regulations, provides that if the administrator fails to comply with such a request within 30 days, the court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day from the date of such failure or refusal, or order other such relief as the court deems proper. Plaintiff, as a participant, attempted to gather 401(k) plan information related to the Tri-M Group, LLC 401(k) Savings and Investment Plan. For many months, the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k)

Savings and Investment Plan, has failed or refused to comply with Plaintiffs' written demands for various documents under which the 401(k) plan is established, operated or administered.

## JURISDICTION AND VENUE

1. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

2. The Court has jurisdiction of the claims for relief based upon the civil enforcement provisions of ERISA, 29 U.S.C. §§ 1132(a)(1)(A), 1132(a)(2), 1132(a)(3), 1132(e)(1) and 1132(f), and upon 28 U.S.C. §§ 1331.

3. Relief is also sought under 28 U.S.C. §§ 2201 and 2202, granting any district court of the United States, in a case of actual controversy within its jurisdiction, the power to declare the rights and other legal relations of any interested party seeking such declaration and to grant further necessary or proper relief based upon a declaratory judgment or decree.

4. Venue of this action lies in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 1132(e)(2), in that the acts complained of herein occurred within this District, the subject 401(k) benefit plan is administered in this District and Plaintiff is a resident of this District.

## THE PARTIES

5. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

6. The Plaintiff, Cheryl Danilowicz, is a United States citizen and a resident of Malvern, Pennsylvania located in Chester County and is a "participant," as defined by ERISA § 3(7), 29 U.S.C. § 1002(7) of the Tri-M Group, LLC 401(k) Savings and Investment Plan.

7.      The Tri-M Group, LLC 401(k) Savings and Investment Plan is an "employee pension benefit plan" pursuant to ERISA § 3(2)(A), 29 U.S.C. § 1002(2)(A). The plan is named as a party defendant pursuant to Rule 19(a), Fed.R.Civ.P.

8.      The Tri-M Group, LLC, is, pursuant to ERISA §§ 3(21) and 3(16), 29 U.S.C. §§ 1002(21) and 1002(16), the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan. The Tri-M Group, LLC administers the Tri-M Group, LLC 401(k) Savings and Investment Plan within this District at 204-206 Gale Lane, Kennett Square, Chester County, PA 19348.

9.      At all times mentioned herein, various unnamed employees of the Tri-M Group, LLC, in-house counsel and outside counsel were the Tri-M Group, LLC's agents and said defendant has ratified and approved the acts of its agents.

## FACTS

10.     The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

11.     By Letter dated November 6, 2017, Ms. Danilowicz, thought her Counsel, Capozzi Adler, P.C., requested from the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, copies of all relevant plan documents, which included, the Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan. A true and correct copy of the November 6, 2017 Correspondence with personal information redacted is attached hereto as Exhibit "A."

12. By Letter dated December 11, 2017, Ms. Danilowicz, through her Counsel, Capozzi Adler, P.C., requested additional plan documents which included 408(b)2 disclosure notices from Plan providers, Current Statement of Assets of the Plan, a list of ticker symbols for the specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting. A true and correct copy of the December 11, 2017 Correspondence is attached hereto as Exhibit "B."

13. To date, the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, has refused to produce a complete set of these documents claiming, among other things, that the documents were not required to be disclosed under ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4).

14. 30 days has passed since the documents detailed above had been requested and pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), Plaintiff is now entitled to bring this civil enforcement action against the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, for its failure to comply with her request. Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(B), this Honorable Court is authorized to award damages to such participant or beneficiary in the amount of up to $110 a day 30 days from November 6, 2017 and/or December 11, 2017, respectively, as the case may be, for its failure or refusal or order other such relief as the court deems proper.

### FIRST CLAIM FOR RELIEF
(Against the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to Recover Penalty for Failure to Provide Requested Plan Documents)

15. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

ERISA Section 104(b)(4), 29 U.S.C. § 1024(b)(4), requires the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to honor within 30 days a written request of any participant or beneficiary for a copy of any "instrument under which the [employee benefit plan and trust] is established or operated." Said defendants did not fully comply with Plaintiff's ERISA document requests.

16. Plaintiff requested production of the Tri-M Group, LLC 401(k) Savings and Investment Plan's Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan, 408(b)2 disclosure notices from Plan providers, Current and Prior Statement of Assets of the Plan, a list of ticker symbols for the specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meetings because those documents constitute an "instrument" under which the 401(k) plan is "established or operated," within the meaning of ERISA Section 104(b)(4).

17. Despite Plaintiff's written requests, Defendant, the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, in bad faith, refused and continues to refuse to provide Plaintiffs a complete set of the documents requested.

18. The refusal of the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to fully comply with ERISA

Section 104(b)(4) document requests has prejudiced Plaintiff's effort to police her 401(k) and to guard against breaches of fiduciary duty.

19. ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), in view of applicable current federal regulations, provides for penalties of up to $110 a day against a plan administrator personally for the administrator's "failure or refusal" to provide any of the plan documents the administrator is required by law to provide to participants and beneficiaries.

20. Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), this Court should assess penalties up to $110 a day against the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, for its failure or refusal to provide Plaintiff's requested documents and instruments under which the 401(k) plan are established or operated.

21. As of this filing date, each Defendant is liable to Plaintiff for a civil penalty of $110 per day commencing 30 days from November 6, 2017 and/or December 11, 2017, respectively, as the case may be, for its failure or refusal or order other such relief as the court deems proper.

**SECOND CLAIM FOR RELIEF**
(Against the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of
the Tri-M Group, LLC 401(k) Savings and Investment Plan, For Breach of
Fiduciary Duty for Refusal to Disclose 401(k) Plan Related Information)

22. The allegations of the above paragraphs are incorporated herein by reference as if set forth at length.

23. Despite Plaintiff's written requests of November 6, 2017 and December 11, 2017, the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, refuses and continues to refuse to provide Plaintiff 401(k) plan related information. Plaintiff has not received a complete set of documents responsive to the

following items: the Summary Plan Description (SPD) in effect for 2010 through 2017, Plan Summary Annual Report for 2010-2017, Complete Annual Report for 2010-2017, 408(b)2 disclosure notices from Plan providers and Statement of Assets for the Plan, 408(b)2 disclosure notices from Plan providers, Current and Prior Statement of Assets of the Plan, a list of ticker symbols for the specific funds in which the plan invests, the dollar amount invested in each specific fund and minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting.

24. With respect to some of the requests made by Plaintiff, said defendants sole stated reason for refusing to provide Plaintiff the information and documents was that Section 104(b) of ERISA does not require that they be provided.

25. ERISA Section 104(b), 29 U.S.C. Section 1024(b)(4), does not limit or foreclose plan participants from obtaining from 401(k) plan administrators documents and related information in addition to those matters specifically listed in the statutory provision. It was imprudent for said defendants to refuse to provide Plaintiff the requested information and documents solely because it is not specifically required under that statutory provision.

26. The failure or refusal of the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to make requested disclosures and produce documents prejudices Plaintiff's effort to police her 401k plan and to guard against breaches of fiduciary duty.

27. By not producing requested documents and disclosing requested information, the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, violated their respective fiduciary duties under ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1) which statutory provision mandates fiduciaries act in the best interests of plan participants.

28. Pursuant to ERISA Section 502(a)(3), 29 U.S.C. Section 1132(a)(3), Plaintiff asks this Honorable Court to grant appropriate equitable relief including injunctive relief ordering the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to disclose the information and produce the documents it has in its possession that is responsive to Plaintiff's request for information enumerated above as set forth in their November 6, 2017 and/or December 11, 2017 demand letters.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Cheryl Danilowicz, seeks orders and judgments against Defendants as follows:

A. Pursuant to ERISA Section 502(c)(1)(B), 29 U.S.C. § 1132(c)(1)(B), grant Plaintiff a judgment assessing penalties against the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, based upon the maximum $110 per diem rate for failure to comply within 30 days after her October 17, 2017 and December 11, 2017 demand letters for production of documents, including instruments and other documents under which the Tri-M Group, LLC 401(k) Savings and Investment Plan is established or operated;

B. Declare that the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, when refusing to provide Plaintiff the requested documents and 401(k) related information not specifically listed as required disclosures under ERISA Section 104(b)(4), failed to discharge fiduciary duties to act solely in the interests of the participants and beneficiaries, as required by ERISA Section 404(a)(1), 29 U.S.C. § 1104(a)(1);

C.	Grant Plaintiff such other and further appropriate equitable relief allowable under ERISA §§ 502(a)(3), as the Court deems just and proper, including injunctive orders directing the Tri-M Group, LLC, as the named "fiduciary" and "administrator" of the Tri-M Group, LLC 401(k) Savings and Investment Plan, to forthwith disclose the 401(k) plan information and produce the documents requested in her November 6, 2017 and December 11, 2017 written demand letters;

Respectfully submitted,
**CAPOZZI ADLER, P.C.**

Date: 5/11/18

Donald R. Reavey, Esquire
Attorney ID No. 82498
2933 North Front Street
Harrisburg, PA 17110
donr@capozziadler.com
(717) 233-4101
Fax (717) 233-4103

<u>Name and Address of Plaintiff</u>

Cheryl Danilowicz
516 Conestoga Road
Malvern, PA 19355

Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Craig I. Adler, Esquire**
Andrew R. Eisemann, Esquire***
Glenn A. Parno, Esquire**
Bruce G. Baron, Esquire
Brandon S. Williams, Esquire
Nicholas J. Luciano, Esquire
Joseph J. Gentile, Esquire****
Garrett Rothman, Esquire, of Counsel
Timothy Ziegler, Sr. Reimb. Analyst
Karen L. Fisher, Paralegal
Linda Gussler, Paralegal
Kelly A. Birdsall, Paralegal
*(Licensed in PA, NJ and MD)
**(Licensed in PA and NJ)
***(Licensed in PA and NY)
****(Licensed in PA, NJ and CA)



# Capozzi Adler, P.C.
## Attorneys at Law

**Primary Office:**
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
www.capozziadler.com

**Mid-Penn Abstract Company**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Telephone: (717) 234-3289
Facsimile: (717) 234-1670

November 6, 2017

Plan Administrator
The Tri-M Group, LLC 401k Savings & Investment Plan
c/o Amanda Novack
206 Gale Street
Kennett Square, PA 19348

    Re:    Request for 401(K) Plan Document
             Our Matter No. 641-17

Dear Sir or Madam:

    Please find enclosed herewith a request for a copy of the 401(K) plan documents submitted on behalf of our client, Cheryl Danilowicz. As stated on the attached Request, copies of all documents responsive to the request should be sent to the following address:

    c/o Capozzi Adler, PC
    2933 North Front Street
    Harrisburg, PA 17110-1250

    Should have any questions regarding this request or need any additional information to process same, please do not hesitate to contact me.

                                     Sincerely,

                                     Glenn A. Parno, Esquire

cc:    Enclosure



EXHIBIT A

REQUEST FOR 401(K) PLAN DOCUMENTS
October 26, 2017

TO: PLAN ADMINISTRATOR
The Tri-M Group, LLC 401k Savings & Investment Plan
c/o Amanda Novack
206 Gale Street, Kennett Square, PA 19348

FROM: Cheryl Danilowicz, 516 Conestoga Road, Malvern, PA 19355
(SSN: ███████████ )

Pursuant to my rights as a Plan Participant under ERISA, please provide me with copies of the following Plan Documents:
1. Summary Plan Description (SPD) in effect for 2010-2017.
2. Plan Summary Annual Report for 2010-2017.
3. Complete Plan Annual Report for 2010-2017.
4. FORM 408 B2.
5. Statement of Assets for the Plan.

Please advise if there are any copying fees for these documents.

Please send the requested copies to me in care of: Capozzi Adler, P.C., 2933 North Front Street, Harrisburg, PA 17110-1250.

Very truly yours,

*/s/ Cheryl Danilowicz*
CHERYL DANILOWICZ



Louis J. Capozzi, Jr., Esquire*
Daniel K. Natirboff, Esquire
Donald R. Reavey, Esquire
Craig I. Adler, Esquire**
Andrew R. Eisemann, Esquire***
Glenn A. Parno, Esquire**
Bruce G. Baron, Esquire
Brandon S. Williams, Esquire
Nicholas J. Luciano, Esquire
Joseph J. Gentile, Esquire****
Garrett Rothman, Esquire, of Counsel
Timothy Ziegler, Sr. Reimb. Analyst
Karen L. Fisher, Paralegal
Linda Gussler, Paralegal
Kelly A. Birdsall, Paralegal
*(Licensed in PA, NJ and MD)
**(Licensed in PA and NJ)
***(Licensed in PA and NY)
****(Licensed in PA, NJ and CA)

**Capozzi Adler, P.C.**
*Attorneys at Law*

**Primary Office:**
2933 North Front Street
Harrisburg, PA 17110
Telephone: (717) 233-4101
Facsimile: (717) 233-4103
www.capozziadler.com

**Mid-Penn Abstract Company**
355 N. 21st Street, Suite 205
Camp Hill, PA 17011
Telephone: (717) 234-3289
Facsimile: (717) 234-1670

December 11, 2017

***Via Overnight Delivery***
Plan Administrator
The Tri-M Group, LLC 401k Savings & Investment Plan
c/o Amanda Novack
206 Gale Street
Kennett Square, PA 19348

Re:  Request for Additional 401(K) Plan Document
     Our Matter No. 641-17

Dear Ms. Novack:

Thank you for your prompt response to our original request for copies of the 401(K) plan documents pertaining to our client, Cheryl Danilowicz.

With this correspondence, we request the following additional documents:
408B-2 Documents
Current Statement of Assets of the Plan
A list of Tickler symbols for the specific funds in which the plan invests
The Dollar Amount invested in each specific fund; and
Minutes of meetings between the Plan Administrator and any/all other persons discussing investments and the status of any such meeting

Copies of all documents responsive to the request should be sent to the following address:

c/o Capozzi Adler, PC
2933 North Front Street
Harrisburg, PA 17110-1250

Should have any questions regarding this request or need any additional information to process same, please do not hesitate to contact me.

Sincerely,

Glenn A. Parno, Esquire


EXHIBIT 13

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

CHERYL DANILOWICZ, :
:
               Plaintiff, :
vs. : Civil Action at Law and Equity
: No.
THE TRI-M GROUP, LLC 401(k) :
SAVINGS AND INVESTMENT PLAN :
:
and :
:
THE TRI-M GROUP, LLC :
:
               Defendants. :

## CERTIFICATION OF COMPLIANCE

    I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Capozzi Adler, P.C.

Signature: _____

Name: Donald R. Reavey, Esquire

Attorney No. (if applicable): 82498

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Cheryl Danilowicz : CIVIL ACTION
v. :
The Tri-M Group LLC : NO.
401(k) et al. :

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

5/11/18       Oneal Cary       Plaintiff: Cheryl Danilowicz
Date          Attorney-at-law   Attorney for

717-233-4101   717-233-4103   Don@capozziadler.com
Telephone      FAX Number      E-Mail Address

(Civ. 660) 10/02

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 2101 Keystone Drive, Hatfield, PA 19446

Address of Defendant: 74 East Swedesford Road, Malvern, PA 19355

Place of Accident, Incident or Transaction: Chester County

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes ☒   No ☐

Does this case involve multidistrict litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:
Case Number: _____   Judge: _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) ERISA

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

### ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, Donald R. Reavey, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought.

DATE: 5/11/18   _Donald Reavey_/lg   82498
Attorney-at-Law   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 5/11/18   _Donald Reavey_/lg   82498
Attorney-at-Law   Attorney I.D.#

CIV. 609 (5/2012)